UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BRUZZONE, | No.  2:22-mc-00045-MCE-DB (PS) |
| Plaintiff, | |
| v. | **ORDER** |
| INTEL CORPORATION, | |
| Defendant. | |

On January 11, 2022, the Court entered a pre-filing order in the matter of Michael A. Bruzzone v. Intel Corporation, No. 2:21-cv-01539-TLN-CKD ("First Action").  See First Action, ECF No. 20.  Pursuant to that order, the undersigned is to determine if the above-captioned new action "constitutes pro se litigation by Plaintiff against Intel," and "if so, then . . . dismiss the action without comment pursuant to" the pre-filing order.  Id. at 2.  The United States Court of Appeals for the Ninth Circuit affirmed the Court's dismissal of the aforementioned case but modified the pre-filing order as follows:  "The Duty Judge shall determine whether the case constitutes pro se litigation by Plaintiff against Intel; if so, then the Duty Judge shall dismiss the action without comment pursuant to this pre-filing order if the judge determines the complaint is duplicative or frivolous . . . ."[1]  First Action, ECF No. 27, at 3 (emphasis in original).

---

[1] As of the date of this Order, the Ninth Circuit has not issued a mandate in this appeal.

1

In this case, the assigned magistrate judge filed findings and recommendations on May 4, 2022, recommending, in part, that this action be dismissed subject to the pre-filing order because "this matter constitutes pro se litigation by plaintiff against Intel." ECF No. 8.  On September 21, 2022, this Court issued an order adopting the assigned magistrate judge's findings and recommendations, denying Plaintiff's motions to seal and to proceed in forma pauperis, and dismissing the action in its entirety.  ECF No. 12. Presently before the Court is Plaintiff's Motion for Reconsideration, ECF No. 13, in which Plaintiff objects to this action's dismissal.

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b).[2] Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment.  A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all.  Taylor, 871 F.2d at 805. Since this motion is seeking reconsideration of a final judgment and was timely filed, the Court will treat it as a Rule 59(e) motion.

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  Further, Local Rule 230(j)(3)–(4) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."

"[C]ourts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

its prior consideration or contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also Taylor, 871 F.2d at 805.  This position stems from the district courts' "concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp at 1009 (citations omitted).  Rule 59(e) and motions for reconsideration are therefore not intended to "give an unhappy litigant one additional chance to sway the judge." Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

      Here, Plaintiff has failed to meet his burden under Rule 59(e).  Specifically, Plaintiff's Motion fails to present newly discovered evidence that would change the outcome of the Court's ruling, show that the Court committed clear error, or demonstrate an intervening change in controlling law.  Plaintiff merely reiterates arguments made before both the assigned magistrate judge and this Court.  In light of the Ninth Circuit's modification to the pre-filing order, this Court again finds that Plaintiff's Complaint is duplicative and frivolous.  Accordingly, Plaintiff's Motion for Reconsideration, ECF No. 13, is DENIED.

      IT IS SO ORDERED.

DATED:  October 21, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE